UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BETTY BALMER, ) | |
| ) | |
| Plaintiff, ) | Case No. C06-30-JCC-JPD |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | REPORT AND RECOMMENDATION |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Betty Balmer proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. For the reasons set forth below, it is recommended that this matter be REMANDED for further administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff was born in 1953 and was 50 years old at the time of her hearing before the Administrative Law Judge ("ALJ"). AR 436. Plaintiff completed the tenth grade and obtained a general equivalency degree in 1988. AR 450. She has worked as a nurse's aide, restaurant manager trainee, home care technician, and teacher's aide. AR 85, 90.

On May 28, 1997, plaintiff applied for SSI and Disability Insurance Benefits ("DIB") alleging a disability onset date of January 19, 1995, due to a neck injury. AR 44, 62. Her applications were denied initially and on reconsideration. AR 51. On March 25, 1998, she timely requested an administrative hearing. AR 53. On October 26, 1998, the ALJ dismissed plaintiff's request for a hearing because she failed to appear at the scheduled hearing. AR 398-401.

On January 16, 2002, plaintiff reapplied for SSI, alleging a disability onset date of June 1, 2001, due to post-traumatic stress disorder ("PTSD"), depression with melancholic features, relational problems, rule out avoidant-dependant personality disorder, anxiety, history of neck injury, and foot surgery. AR 436, 444. Plaintiff's applications were denied initially and on reconsideration. AR 411, 417. Plaintiff timely requested an administrative hearing. AR 420. On July 6, 2004, the ALJ heard testimony from plaintiff, medical expert Richard Johnson, M.D., and vocational expert Anthony Newbauer. AR 633-73. On August 16, 2004, examining physician Marie Ho, M.D., performed a post-hearing examination of plaintiff at the ALJ's request. AR 613-22. On December 3, 2004, the ALJ issued a written decision denying plaintiff's claim. AR 17-28. Plaintiff appealed the ALJ's decision to the Appeals Council, which declined to review plaintiff's claim. AR 6. Plaintiff appealed this final decision of the Commissioner to this Court.

## II. JURISDICTION

This Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## III. STANDARD OF REVIEW

The district court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). Substantial evidence is defined as more than a mere scintilla but

01 less than a preponderance; it is such relevant evidence as a reasonable mind might accept as
02 adequate to support a conclusion. *Smolen,* 80 F.3d at 1279. The ALJ is responsible for
03 determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.
04 *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to
05 more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.
06 *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting *Smolen*, 80 F.3d at 1292).

07    The Court has discretion to remand for further proceedings or to award benefits. *See*
08 *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may direct an award of
09 benefits where "the record has been fully developed and further administrative proceedings
10 would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.
11 2002).

> Such a circumstance arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

16 *Id*. at 1076-77.

## IV.  EVALUATING DISABILITY

18    The claimant bears the burden of proving that she is disabled within the meaning of the
19 Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is
20 defined as the "inability to engage in any substantial gainful activity by reason of any medically
21 determinable physical or mental impairment, which can be expected to result in death, or which
22 has lasted or can be expected to last for a continuous period of not less than twelve months[.]"
23 42 U.S.C. § 423(d)(1)(A). A claimant is disabled only if her impairments are of such severity
24 that she is not only unable to do her previous work, but cannot, considering her age, education,
25 and work experience, engage in any other substantial gainful activity existing in the national
26

REPORT AND RECOMMENDATION
PAGE -3

economy. *See* 42 U.S.C. §§ 423(d)(2)(A), 1382(c)(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

The Social Security regulations set out a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must establish that she is not engaging in any substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant does so, then at step two, the claimant must establish that she has one or more medically severe impairments or combination of impairments that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant who meets one of the listings for the required twelve-month-duration requirements is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether the claimant can still perform that work. *Id.* If the claimant is not able to perform her past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Tackett*, 180 F.3d at 1099-100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On December 3, 2004, the ALJ issued his decision finding:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's depression, chronic pain disorder, residuals from left foot surgery are considered "severe" based on the requirements in the Regulations 20 CFR § 416.920(b).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

5. The claimant has the following residual functional capacity: the claimant could lift twenty pounds occasionally and ten pounds frequently. She could sit, stand or walk for six hours in an eight hour day. She could not climb ladders and could occasionally climb stairs. She could not work around heights or hazards and could only occasionally work with the public or coworkers. She could perform only simple, repetitive tasks.

6. The claimant is unable to perform any of her past relevant work (20 CFR § 416.965).

7. The claimant is an "individual closely approaching advanced age" (20 CFR § 416.963).

8. The claimant has "a limited education" (20 CFR § 416.964).

9. The claimant has no transferable skills form any past relevant work and/or transferability of skills is not an issue in this case (20 CFR § 416.968).

10. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 416.967).

11. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.12 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as produce sorter for which there are 150,000 jobs in the Pacific Northwest and 600,000 nationally; poultry dresser for which there are 50,000 jobs in the Pacific Northwest and 200,000 nationally; and small parts assembler for which there are 200,000 jobs in the Pacific Northwest and 1.2 million nationally.

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(g).

AR 27.

## VI. ISSUES ON APPEAL

A.   Did the ALJ improperly evaluate the medical opinion evidence of examining physician Marie Ho, M.D., examining psychologist Steven Walfish, Ph.D., examining psychologist Frank Hammer, Ph.D., and testifying medical expert Richard Johnson, M.D.?

B   Did the ALJ err in finding that plaintiff was noncompliant with medical treatment under 20 C.F.R § 416.930?

## VII. DISCUSSION

A.   Medical Opinions

Plaintiff contends that the ALJ committed legal error in failing to account for the totality of the opinion of examining physician Marie Ho, M.D., and in failing to incorporate her opinion into the ALJ's RFC finding and the hypothetical posed to the vocational expert. Plaintiff further argues that the ALJ erroneously evaluated the opinions of examining psychologist Steven Walfish, Ph.D., examining psychologist Frank Hammer, Ph.D., and testifying medical expert Richard Johnson, M.D.  The Commissioner agrees that remand is necessary to further evaluate the opinion of Dr. Ho.  However, the Commissioner contends that the ALJ properly evaluated the opinions of Drs. Walfish, Hammer, and Johnson.

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "clear and convincing" reasons.  *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).  Where contradicted, a treating or examining physician's opinion may not be rejected without " 'specific and legitimate reasons' supported by substantial evidence in the record for so doing."  *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d

01 | 499, 502 (9th Cir. 1983)); s*ee also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996)

02 | (opinions of specialists given more weight than non-specialists).  Where the opinion of the

03 | treating physician is contradicted, and the non-treating physician's opinion is based on

04 | independent clinical findings that differ from those of the treating physician, the opinion of

05 | the non-treating physician may itself constitute substantial evidence.  *See Andrews v. Shalala*,

06 | 53 F.3d 1035, 1041 (9th Cir. 1995).  It is the sole province of the ALJ to resolve this conflict.

07 | *Id.*

08 | "Where the Commissioner fails to provide adequate reasons for rejecting the opinion

09 | of a treating or examining physician, [the Court credits] that opinion as 'a matter of law.' "

10 | *Lester*, 81 F.3d at 830-34 (finding that, if doctors' opinions and plaintiff's testimony were

11 | credited as true, plaintiff's condition met a listing) (quoting *Hammock v. Bowen*, 879 F.2d

12 | 498, 502 (9th Cir. 1989)).  Crediting an opinion as a matter of law is appropriate when, taking

13 | that opinion as true, the evidence supports a finding of disability.  *See*, *e.g.*, *Schneider v.*

14 | *Commissioner of Social Sec. Admin.,* 223 F.3d 968, 976 (9th Cir. 2000) ("When the lay

15 | evidence that the ALJ rejected is given the effect required by the federal regulations, it

16 | becomes clear that the severity of [plaintiff's] functional limitations is sufficient to meet or

17 | equal [a listing.]"); *Smolen*, 80 F.3d at 1292 (ALJ's reasoning for rejecting subjective

18 | symptom testimony, physicians' opinions, and lay testimony legally insufficient; finding

19 | record fully developed and disability finding clearly required).

20 | However, courts retain flexibility in applying this " 'crediting as true' theory."

21 | *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further determinations

22 | where there were insufficient findings as to whether plaintiff's testimony should be credited

23 | as true).  As stated by one district court: "In some cases, automatic reversal would bestow a

24 | benefits windfall upon an undeserving, able claimant." *Barbato v. Commissioner of SSA*, 923

25 | F. Supp. 1273, 1278 (C.D. Cal. 1996) (remanding for further proceedings where the ALJ

26 |

REPORT AND RECOMMENDATION
PAGE -7

01 made a good faith error, in that some of his stated reasons for rejecting a physician's opinion

02 were legally insufficient).

03              1.    <u>The ALJ improperly evaluated the opinion of examining
                     physician Marie Ho, M.D.</u>

04

05    The parties agree that the ALJ improperly evaluated the opinion of examining physician

06 Dr. Ho.  Dr. Ho, who conducted a post-hearing examination of plaintiff at the ALJ's request,

07 diagnosed chronic neck pain with left radiculopathy, history of depression/PTSD, and a history

08 of surgery on both feet, the left with fusion.  AR 617.  Dr. Ho also assessed plaintiff's

09 functional limitations, finding that

10 > [t]he claimant is limited to standing and walking cumulatively six hours in an eight-hour day due to periodic pain and limitations of the left foot and the neck. . . .
> She may sit cumulatively six hours in an eight-hour day, if needed. . . . Lifting and carrying is limited to 20 pounds occasionally and 10 pounds frequently, due to a history of bulging discs and pain and limitations of the neck and shoulders. Postural limitations include kneeling and crouching occasionally.  <u>Pain and limitations of the left hand and fingers limit fine fingering to occasionally</u>.

14 AR 617-18 (emphasis added).  Although the ALJ endorsed Dr. Ho's opinion AR 25, he did

15 not include Dr. Ho's findings – that plaintiff had limitations in her ability to reach, handle,

16 finger, and feel – in the RFC finding or the hypothetical to the vocational expert.  AR 621.  In

17 addition, the ALJ did not address plaintiff's need to alternate periodically between sitting and

18 standing.  AR 620.  Accordingly, the Court agrees that the ALJ improperly evaluated Dr.

19 Ho's opinion.

20     Plaintiff argues that, taking Dr. Ho's opinion about plaintiff's manipulative limitations

21 as true, clearly she is disabled on the existing record at step five because she could not

22 perform any of the jobs identified by the vocational expert.  Dkt. #15 at 9-11.  Plaintiff

23 asserts that this matter should be remanded for an award of benefits rather than for further

24 administrative proceedings.  The Commissioner agrees that plaintiff could not perform any of

25 the jobs identified by the vocational expert because the requirements of those jobs – poultry

26

REPORT AND RECOMMENDATION
PAGE -8

01 dresser, produce sorter, and small parts assembler – exceed her limitations.  The
02 Commissioner contends, however, that remand is necessary to determine whether the
03 limitations identified by Dr. Ho would render plaintiff unable to engage in any work.  Dkt.
04 #16 at 6-7.  The Court agrees with the Commissioner that remand is necessary.
05       Remand for an award of benefits is warranted only if "(1) the ALJ has failed to
06 provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding
07 issues that must be resolved before a determination of disability can be made, and (3) it is
08 clear from the record that the ALJ would be required to find the claimant disabled were such
09 evidence credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen*,
10 80 F.3d at 1292).  As indicated above, the first element is satisfied because the ALJ
11 improperly evaluated Dr. Ho's medical opinion, which should be credited as a matter of law.
12 *Harman*, 211 F.3d at 1179 (finding that an improperly rejected medical opinion becomes true
13 as a matter of law).  Accordingly, on remand, the ALJ must accept Dr. Ho's opinion.
14 However, even if Dr. Ho's opinion is credited, it is not clear from the record that plaintiff
15 would be entitled to benefits as a matter of law.  As the Ninth Circuit found in *Harmen*, "[i]n
16 contrast to other cases in which we have remanded for payment of benefits based upon
17 improper rejection of medical testimony, here there is no testimony from the vocational
18 expert that the limitations found by [Dr. Ho] would render [plaintiff] unable to engage in any
19 work." *Harman*, 211 F.3d at 1180.  "In cases where the testimony of the vocational expert
20 has failed to address a claimant's limitations as established by improperly credited evidence,
21 [the Ninth Circuit] consistently [has] remanded for further proceedings rather than payment
22 of benefits." *Id*.  Therefore, this matter should be remanded to the ALJ for further
23 consideration of Dr. Ho's opinion regarding plaintiff's limitations and their effect on the
24 occupational base.

REPORT AND RECOMMENDATION
PAGE -9

        2.    <u>On remand, the ALJ is directed to reevaluate the opinion of examining psychologist Steven Walfish, Ph.D.</u>

On February 22, 2002, Dr. Walfish completed a psychological evaluation of plaintiff on behalf of the state agency. AR 495-501. Dr. Walfish diagnosed plaintiff as having major depression and PTSD, and assessed a global assessment of functioning ("GAF") of 45. AR 500-01. Dr. Walfish opined that "under optimal conditions [plaintiff] would be involved in a day treatment program in which she could receive several hours of counseling per day, in conjunction with close medication management by a Psychiatrist or ARNP." AR 500. In addition, Dr. Walfish suggested that "participation in a sheltered workshop program might also be beneficial for her." *Id.*

Plaintiff contends that the ALJ failed to evaluate properly Dr. Walfish's opinion that under optimal conditions she should receive several hours of counseling per day or his opinion that she might benefit from a sheltered workshop program. Plaintiff argues that Dr. Walfish's opinion establishes that she is disabled because she cannot perform sustained work while receiving several hours of counseling per day or participating in a sheltered workshop. Dkt. #15 at 12-13.

The Commissioner contends that the ALJ properly evaluated Dr. Walfish's. The Commissioner argues that Dr. Walfish's statement that a sheltered workshop program might be beneficial does not establish that plaintiff is disabled because Dr. Walfish did not determine that plaintiff was *required* to work in a sheltered workshop program. Additionally, Dr. Walfish's statement that optimal treatment would include several hours of therapy a day only establishes an "optimal" treatment plan; it does not establish that such treatment is necessary or that such treatment is the only plan that might benefit plaintiff. The Commissioner argues that plaintiff's argument is without merit because Dr. Walfish's statements do not address any work-related limitations, and because plaintiff has not pointed to any of the ALJ's findings that are inconsistent with any actual assessed limitation made by Dr. Walfish. Dkt. # 16 at 8.

REPORT AND RECOMMENDATION
PAGE -10

01  The ALJ erred in his rather cursory discussion of Dr. Walfish's opinion.  In this case,
02 the ALJ was required to provide a reasonable, express consideration of an examining source's
03 opinion.  *Edlund v. Massanari*, 253 F.3d 1152, 1158-59 (9th Cir. 2001).  This was not
04 provided.  On remand, the ALJ will reevaluate Dr. Walfish's opinion in conjunction with Dr.
05 Ho's opinion and determine if a new RFC is appropriate.

06     3. <u>The ALJ did not err in his evaluation of the opinion of
07       examining psychologist Frank Hammer, Ph.D.</u>

08  On April 15, 2004, Dr. Hammer completed a psychological evaluation of plaintiff at the
09 request of plaintiff's counsel and provided opinions regarding her functional limitations.  AR
10 595-612.  Dr. Hammer reported that plaintiff was outgoing and cooperative during the
11 interview.  AR 611.  He stated that her flow of speech was normal, and that she was oriented
12 for person, place, and time.  *Id.*  She reported some difficulties with remote memory in that she
13 has blocked out things from her childhood, but her recent memory is good.  *Id.*  She was able
14 to repeat seven digits forward but only three digits backward.  *Id.*  She was able to follow a
15 three-step command.  *Id.*  Plaintiff described her activities of daily living, which included
16 keeping her room clean, watching television, doing pen and ink drawings, and building doll
17 houses.  AR 612.  Plaintiff is able to cook, clean, and shop, and goes for walks, to the library,
18 and to antique stores.  *Id.*  She attends church and reads the Bible every day.  *Id.*

19  Dr. Hammer diagnosed plaintiff as having PTSD, major depressive disorder, pain
20 disorder, and personality disorder, and assessed a GAF of 50.  AR 612.  Dr. Hammer opined
21 that plaintiff's ability to reason is adequate and that she is able to understand and respond to
22 questions or instructions.  *Id.*  He believed her concentration was questionable.  *Id.*  Dr.
23 Hammer reported that plaintiff can concentrate on reading a book, but has trouble doing serial
24 7's and serial 3's.  *Id.*  She is persistent and completes tasks or projects.  *Id.*  He noted that
25 plaintiff lives alone and is socially isolated, but participates in an apartment group and attends
26

REPORT AND RECOMMENDATION
PAGE -11

church. *Id.* He opined that plaintiff "would have difficulty adapting to a full-time job because of her depression and pain along with her physical problems." *Id.*

Dr. Hammer completed a Psychiatric Review Technique form. He indicated that plaintiff's impairments caused marked restriction of activities of daily living, marked difficulties in maintaining social functioning, and marked difficulties in maintaining concentration, persistence, or pace. AR 604-05. He also indicated that plaintiff had three repeated episodes of decompensation of extended duration. *Id.* Dr. Hammer opined that plaintiff's impairments met the requirements of listings 12.04, 12.06, 12.07, and 12.08. AR 595.

Dr. Hammer also completed a Medical Source Statement of Ability to do Work-Related Activities form. AR 608-09. Dr. Hammer opined that plaintiff had marked limitations in her ability to carry out detailed instructions, marked limitations in her ability to make judgments on simple work-related decisions, marked limitations in responding appropriately to work pressures in a usual work setting, and marked limitations in responding appropriately to changes in a routine work setting. *Id.* He noted that plaintiff would prefer to work by herself to avoid any tension, and would feel pressure trying to keep up with deadlines. AR 609.

The ALJ rejected Dr. Hammer's opinion of marked limitations, stating as follows:

> I do not give significant weight to the opinion of Dr. Hammer. He indicated that the claimant was able to keep herself and her room clean, liked to read and had hobbies, but said that she had marked limitations in her activities of daily living. He said that she had marked limitations in social functioning even though she attends church and a group at her apartment. She is able to do her own shopping and has never had any noted problems getting along with anyone. He said that she had marked difficulties in concentration, persistence or pace based entirely on her ability to perform serial sevens and threes, while the claimant said that she like to read, could concentrate on a book, was building a doll house and that she had good persistence. He said that she had three episodes of decompensation, but made no mention of any of these episodes in his evaluation and there are no such events in the record. I give some weight to the actual evaluation, and his notes concerning the claimant's response, but his conclusions from these responses are not supported by his own observations and are inconsistent with the longitudal record. He also noted specifically that some her limitations were due to her physical impairments, but he is not qualified to assess such impairments, nor was he in a position to determine the validity of her physical complaints. Additionally, Dr. Hammer has only seen the claimant one time, so his one time evaluation may,

REPORT AND RECOMMENDATION
PAGE -12

> at best, only be seen as a picture of the claimant at the time she saw Dr. Hammer and is not an accurate reflection of the claimant's usual functioning.

AR 22.

Plaintiff contends that the ALJ did not give legally sufficient reasons for rejecting Dr. Hammer's opinions. Dkt. #15 at 14. She argues that Dr. Hammer's opinions are consistent with the entire record and are in line with the conclusions of examining psychologist Dr. Walfish. *Id.* The Commissioner argues that the ALJ properly rejected Dr. Hammer's opinion of marked limitations because it was inconsistent with his written report. Dkt. #16 at 10.

The Court has concerns about the treatment of Dr. Hammer's opinions. In this case, the ALJ relies substantially on the fact that the plaintiff keeps her living area clean, shops, and has built a doll house to conclude that the plaintiff's limitations are not as extensive as Dr. Hammer believes them to be. In making these observations, the ALJ does not discuss the fact that the plaintiff lives in a one-room apartment, with a toilet and a sink. The bathroom for showering is down the hall. AR 638. She has lived in this one room for more than three years. AR 651. To say that the ability to keep one room clean is indicative of the ability to work in the national economy, without more, is a stretch. In addition, the plaintiff does not go shopping alone. Instead, she is generally accompanied by her adult son. AR 655. Preparation of meals consists of use of a microwave, as there is no kitchen. AR 638. Moreover, dollhouses were built in the past. AR 641. This says little, if anything regarding her present abilities. Finally, the psychologists treating the plaintiff have given her GAF ratings of between 45 and 50.

Nevertheless, the Court is bound by the law that makes the ALJ responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In this case, it is not possible to

conclude that the plaintiff's conclusion regarding Dr. Hammer's testimony is the only rational interpretation, and on that basis, the Court concludes that the ALJ's treatment of Dr. Hammer's opinion was not in error.

    4.    <u>On remand, the ALJ should receive additional medical testimony.</u>

Plaintiff next argues that the ALJ improperly gave controlling weight to the opinion of medical expert Richard Johnson, M.D., that plaintiff had only "moderate" limitations in concentration, persistence, or pace. Dkt. #15 at 15. Plaintiff contends that substantial evidence does not support the ALJ's reliance on Dr. Johnson's testimony because it was based largely on the fact that plaintiff watched television for five or six hours per day.

Because this matter is being remanded for revaluation of Dr. Ho's opinions and the opinion of Dr. Walfish, the conclusions reached by Dr. Johnson and the ALJ's overall assessment of the impact on the plaintiff may no longer be appropriate. Accordingly, the ALJ should receive further medical expert testimony that takes into account the opinions of Drs. Ho and Walfish.

B.    <u>Failure to Follow Treatment, 20 C.F.R § 416.930</u>.

Plaintiff asserts that the ALJ erred in finding that plaintiff was noncompliant with medical treatment. Dkt. 15 at 15. The ALJ found:

> An additional basis for finding the claimant not disabled is in her failure to follow prescribed treatment under 20 CFR 416.930. The claimant failed to attend prescribed therapy sessions and medical appointments. She has stated that she has not followed through because someone treated her rudely or told her there was nothing wrong with her (Exhibit B11F, p.1). This is not an acceptable reason for failing to follow prescribed treatment. Dr. Walfish and Ms. Frazier both indicated that the claimant needed intensive therapy and medical follow up, but the claimant has declined to do this even when she was presented with the opportunity.

AR 26. Section 416.930 provides that "[i]n order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work." 20 C.F.R. §

01  416.930.  Plaintiff argues that the ALJ erroneously applied 20 C.F.R. § 416.930 because the

02  ALJ failed to find that plaintiff could return to work if she followed the prescribed treatment.

03        On remand, if the decision relies on a finding of noncompliance, the ALJ must include

04  specific findings, supported by substantial evidence, that plaintiff could return to work if she

05  followed the prescribed treatment.  *See Byrnes v. Shalala*, 60 F.3d 639, 641 (9th Cir. 1995).

06        VIII.   <u>CONCLUSION</u>

07        Accordingly, I recommend that the final decision of the Commissioner be reversed and

08  remanded for further proceedings.  A proposed Order accompanies this Report and

09  Recommendation.

10        DATED this 21st day of September, 2006.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -15